**FILED**

**APR 04 2017**

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JACK PALMER and CARWERKS, LLC, a Montana limited liability company,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY OF MISSOULA, MONTANA, a municipal corporation,<br><br>            Defendant. | CV–16–54–M–DLC<br><br>ORDER |

Before the Court are the parties' cross-motions for summary judgment in this action. The Court agrees with the parties that no genuine issues of material fact remain and that summary judgment is now appropriate. For the reasons explained below, the Court determines that the Defendant, the City of Missoula, is entitled to complete summary judgment.

## BACKGROUND

Few facts are relevant to this dispute.[1] Plaintiff Jack Palmer owns and

---

[1] The parties disagree as to some facts, none of which are essential to the resolution of this matter on summary judgment. Plaintiffs argue that the Court should accept as true the facts as they have relayed them because the City failed to file a statement of disputed facts in response to Plaintiffs' motion for summary judgment. The Court will not do so. Plaintiffs never filed a statement of undisputed facts, asking instead that the Court view their statement of disputed facts as itself a statement of undisputed facts. In other words, Plaintiffs ask the Court to view facts which are clearly in dispute as undisputed because the City did not meet the requirements of a

-1-

operates Plaintiff Carwerks, a used auto dealership in Missoula, Montana. Since 2000, Palmer has tied helium balloons to vehicles on the Carwerks lot. Most of the balloons feature either an American flag or a smiley face. Carwerks wants to continue this practice, seeing it as an inexpensive and effective advertisement for the business.

In 2009, the City of Missoula enacted a new ordinance generally prohibiting "banners, flags, pennants, streamers, spinners or other types of wind signs." Missoula, Mont., City of Missoula Mun. Code § 20.75.030(N) (through April 18, 2016), http://www.ci.missoula.mt.us/DocumentCenter/View/30846. The City Code defines a "wind sign" as an "attention-getting device with or without copy . . . fastened in such a manner as to move in the wind." *Id.* § 20.100.010. Following repeated citations, Palmer and Carwerks were charged with criminal violation of the prohibition on wind signs. Plaintiffs Palmer and Carwerks now allege that the City Code violates their free speech rights under both the U.S. and Montana Constitutions.

## DISCUSSION

### I.  Standing

The City argues that Palmer lacks standing to sue under § 1983 because the

---

local rule which was not even in play.

-2-

balloons were placed not on his behalf but for the business purposes of Carwerks, an independent legal entity owned solely by Palmer's father. Palmer asserts that his constitutional rights are at issue because both he and Carwerks have been cited for violating the city code.

The requirements for standing are met when a plaintiff shows injury in fact, causation, and redressability. *Bennett v. Spear*, 520 U.S. 154, 167 (1997). That standard is met here. Palmer has demonstrated injury, directing the Court's attention to a letter from the City describing citations it issued to Palmer and warning that a warrant would issue if Palmer failed to appear in municipal court. (Doc. 24–1 at 5.) Palmer contests the constitutionality of the sign ordinance, his violation of which caused the City to issue the citations. And if Palmer were granted the relief he seeks, the citations would disappear, and he would be compensated for his injuries. Palmer has clearly established standing,[2] and the Court will proceed to the merits of Plaintiffs' First Amendment claims.

## II. Applicability of the Ordinance

---

[2] The Court notes that the only mandatory authority cited by the City to support its argument is not binding and does not, in fact, support the City's argument. *Retail Digital Network, LLC v. Appelsmith*, 810 F.3d 638 (9th Cir. 2016), has been vacated and is non-precedential. *Retail Digital Network, LLC v. Gorsuch*, 842 F.3d 1092 (9th Cir. 2016). Moreover, in that case, the Ninth Circuit panel held that the individual analogous to Palmer did, in fact, have standing. *Retail Digital*, 810 F.3d at 647. Plaintiffs, too, cite the vacated panel decision in *Retail Digital* to support its First Amendment analysis. What is more, Plaintiffs fail to properly identify the panel decision as vacated pending en banc rehearing.

As a threshold matter, the Court must determine whether the balloons are "wind signs" and therefore prohibited by the ordinance. Plaintiffs argue that because the balloons are filled with helium and will float without wind, they cannot be wind signs. Their argument is unavailing. Even if a balloon does not require wind to float, it is a "wind sign" because it is an "attention-getting device with or without copy . . . fastened in such a manner as to move in the wind." Missoula, Mont., Mun. Code § 20.100.010.

### III. Free Speech

The parties agree that the issue is whether the wind sign ordinance unconstitutionally infringes upon Plaintiffs' First Amendment rights—more specifically, Plaintiffs' right to commercial speech. The dispute between the parties centers on whether the ordinance is content-based or content-neutral.

Generally, commercial speech restrictions are analyzed under a four-part intermediate scrutiny test set forth by the United States Supreme Court in *Central Hudson Gas & Electric Corp. v. Public Service Commission*. 447 U.S. 557 (1980). However, where the restriction discriminates on the basis of content, heightened scrutiny applies—even if the speech that is regulated is commercial speech. *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 565–566 (2011). "The First Amendment requires heightened scrutiny whenever the government creates 'a

regulation of speech because of disagreement with the message it conveys.'" *Id.* at 566 (citing *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)). A regulation is content-based if it "applies to particular speech because of the topic discussed or the idea or message expressed." *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015).

### A. Neutrality

Plaintiffs argue that § 20.75.030(N) is content-based because two other ordinances arguably draw distinctions between types of speech. First, Plaintiffs point out that § 20.75.020(B), distinguishes between commercial speech and noncommercial speech, providing that "[a]ny sign *allowed under this chapter*, may contain . . . any lawful noncommercial message . . . ." Missoula, Mont., Mun. Code § 20.75.020(B) (emphasis added). Second, Plaintiffs point to the definition of "sign," which exempts window displays and national flags. *Id.* § 20.100.010. During discovery, the City informed Plaintiffs that it was considering whether the Supreme Court's decision in *Reed* mandated changes to the City's sign ordinances.

Unlike the ordinance in *Reed*, § 20.75.030(N) is not content-based, and Plaintiffs' citations to other City regulations do not make it so. In *Reed*, the city regulations set forth a tiered approach to signs that depended on the content they displayed. "Ideological Sign[s]" could be as large as 20 square feet and placed in

any zoning district at any time. "Political Sign[s]" could be up to 16 square feet on residential property or 32 square feet in various other zoning districts, and they could be displayed only during election and campaign periods. Finally, "Temporary Directional Signs Relating to a Qualifying Event" (such as a church service) could be no more than six square feet and placed in very limited areas for a matter of hours. *Reed*, 135 S. Ct. at 2224–25. The complainants, a church and its pastor, could not reasonably notify the public about the church's services except through the use of "temporary directional signs relating to a qualifying event." *Id.* at 2225–26.

Here, unlike the Town of Gilbert in *Reed*, the City does not make any distinction based on the words or symbols printed on signs that could be remedied by granting Plaintiffs' requested relief. Even if Plaintiffs were correct that the two other ordinances are content-based restrictions on speech, those ordinances have no relevance to whether the City can prohibit the use of balloons as "wind signs." Section 20.75.020(B) is not at issue because it operations only when a sign is not prohibited, and wind signs are prohibited. In other words, balloons with noncommercial messages—such as balloons with smiley faces printed on them flying above the Carwerks lot—are as restricted as balloons with the Carwerks logo printed on them. Nor is the exemption of national flags relevant, as national

-6-

flags are allowed when they are affixed to poles—and thus when they are not signs but flags—but prohibited when they are printed on wind signs, such as the balloons at Carwerks. The City code does not restrict speech on the basis of content,[3] and *Central Hudson* provides the appropriate framework.

## B. Commercial Speech

Under *Central Hudson*, the Court must apply a four-part test to analyze Plaintiffs' commercial speech claims:

> (1) if the communication is neither misleading nor related to unlawful activity, then it merits First Amendment scrutiny as a threshold matter; in order for the restriction to withstand such scrutiny, (2) the State must assert a substantial interest to be achieved by restriction on commercial speech; (3) the restriction must directly advance the state interest involved; and (4) it must not be more extensive than is necessary to serve that interest.

*Vanguard Outdoor, LLC v. City of Los Angeles*, 648 F.3d 737, 740 (9th Cir. 2011) (citations omitted). The parties do not dispute that the first prong is met and that the City regulations implicate the First Amendment.

### 1. Substantial Interest

The City has "assert[ed] a substantial interest to be achieved" by the

---

[3] As a last-ditch effort, Plaintiffs also argue that whether the signs distinguish speech on the basis of content is a question of fact, and that the City has waived its right to say that the speech is not content-based by failing to file a statement of disputed facts. This argument fails for two reasons. First, it is not a question of fact. *See, e.g., Reed*, 135 S. Ct. 2218. Second, the City did not fail to comply with the Local Rules by not filing a statement of disputed facts. See *supra*, note 1.

ordinance. According to the City, the ordinance promotes traffic safety and preserves aesthetic values by limiting attention-getting devices near the roadway. Missoula, Mont., Mun. Code § 20.75.010. "[T]here can be [no] substantial doubt that . . . traffic safety and the appearance of the city . . . are substantial governmental goals." *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 507–08 (1981). The City has shown that two substantial interests are to be served by the ordinance.

### 2.    Direct Advancement of Government Interests

The City has also met its burden of demonstrating that the ordinance directly advances the interests of traffic safety and aesthetics. The City need not provide detailed evidence proving a connection between wind signs and its stated purposes. *See Metromedia*, 453 U.S. at 509–10. Generally, whether a regulation serves a government's stated lawful purpose is left to "the judgment of the local authorities" unless the complaining party demonstrates that the stated purpose is "palpably false" or that the government has "as an ulterior motive the suppression of speech." *Id.* at 509–10 (citations and internal quotation marks omitted).

The City's explanation for the ordinance is reasonable, and it is bolstered by Plaintiffs' claim that the balloons grab the attention of potential customers. Plaintiffs claim that it is "obvious" that the true reason for the ordinance is to

"mak[e] sure signs constructed of wood, glass, metal, etc. are properly installed an[d] maintained and will not blow apart in a high wind, showering folks with sign debris[.]" (Doc. 29 at 4.) Plaintiffs' speculative interpretation of the City's purposes is neither logical nor supported by any facts in the record.

As discussed above, the ordinance is content-neutral, and Plaintiffs have not shown that the City has an unstated, less compelling reason for enacting the ordinance. The ordinance is sufficiently tailored to the government's interests.

### 3. Reasonable Necessity

The ordinance is also no more extensive than is reasonably necessary. So long as a regulation is content-neutral, it may be underinclusive, *See Metromedia*, 453 U.S. at 511–12, but it cannot "burden substantially more speech than is necessary to further the government's legitimate interests," *Bd. of Trustees of State Univ. of N.Y. v. Fox*, 492 U.S. 469, 478 (citations and internal quotation marks omitted). By applying the prohibition only to signs that wave in the wind, the ordinance targets precisely those advertisements that are most likely to distract and annoy drivers and passersby. Additionally, the City leaves a wealth of alternative communication channels available to Plaintiffs. In fact, Plaintiffs' argument that the ordinance is unconstitutional because it does not apply to all advertisements (such as window displays) is actually an argument in favor of

constitutionality, as it demonstrates that the City is not attempting to foreclose all avenues of communication. Deferring to the City's definition of the problems to be addressed by the ordinance, as the Court must, it cannot determine that the ordinance restricts "substantially more speech than is necessary to further" the City's interests in public safety and city aesthetics. The City is entitled to summary judgment on Plaintiffs' claims brought under the federal Constitution.

## IV. State Constitutional Claims

Plaintiffs have also alleged violation of their free speech rights under Article II, section 7 of the Montana Constitution. Section 7 "provides no greater protection for free expression than does the United States Constitution." *City of Helena v. Krautter*, 852 P.2d 635, 638 (Mont. 1993). Plaintiffs have given the Court no reason to strike the ordinance under the Montana Constitution; indeed, they do not address the state constitutional issues in their briefs. Plaintiffs' state law claims cannot survive.

Accordingly, IT IS ORDERED that:

(1) Defendant's Motion for Summary Judgment (Doc. 14) is GRANTED.

(2) Plaintiffs' Motion for Summary Judgment (Doc. 23) is DENIED.

(3) The Clerk of Court shall enter judgment in favor of Defendants and shall CLOSE this case.

Dated this 4th day of April, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court